IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALIBER HOLDINGS CORPORATION,<br><br>　　　PLAINTIFF,<br><br>V.<br><br>CALIBER COLLISION, INC.;<br>CALIBER COLLISION REPAIRS, INC; ANDY'S HIGH CALIBER AUTO BODY, INC.; AND ANDREW HELSINGER,<br><br>　　　DEFENDANTS. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, DILUTION, CYBERPIRACY, AND UNJUST ENRICHMENT**

Plaintiff Caliber Holdings Corporation ("Caliber Holdings"), by and through its undersigned counsel, bring this action against Caliber Collision, Inc.; Caliber Collision Repairs, Inc; Andy's High Caliber Auto Body, Inc., and Andrew Helsinger (collectively, "Defendants"), and alleges as follows:

**SUMMARY OF THE ACTION**

1.　　This is an action for statutory trademark infringement, unfair competition, false advertising, cybersquatting, and dilution under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et. seq. ("Lanham Act"), and trademark infringement, unfair competition, and dilution under the statutory and common law of the State of New York.

2.　　More specifically, Caliber Holdings alleges that Defendants are willfully and continuously infringing and diluting the CALIBER COLLISION Mark, and unfairly competing

with Caliber Holdings through Defendants' operation of the "Caliber Collision" auto body repair business.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 et. seq. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law because those claims are so related to the claims over which there is original subject-matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. The Court has personal jurisdiction over Defendants because Defendants reside in this state and are conducting business in this State, and/or have committed and are committing torts in whole or in part in this State, as described below, including without limitation, acts of trademark infringement, unfair competition, false advertising, dilution and cyberpiracy.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) & (c). Among other things, each of the Defendants resides in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, a substantial part of the property that is the subject of this action is situated in this judicial district, and one or more of the Defendants may be found in this judicial district.

## PARTIES

6. Plaintiff Caliber Holdings Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 401 East Corporate Drive #150, Lewisville, Texas 75057.

7. Defendant Caliber Collision, Inc. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 110 West Hoffman Avenue, Lindenhurst, New York 11757.

8. Defendant Caliber Collision Repairs, Inc is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 110 West Hoffman Avenue, Lindenhurst, New York 11757.

9. Defendant Andy's High Caliber Auto Body, Inc. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 110 West Hoffmann Avenue, Lindenhurst, New York 11757.

10. Defendant Andrew Helsinger is an individual. He is believed to be the chief executive officer and owner of Caliber Collision Repairs, Inc, Caliber Collision, Inc., and Andy's High Caliber Auto Body, Inc.

## FACTUAL BACKGROUND

### Plaintiff Caliber Holdings

11. Caliber Holdings is the nation's leading collision repair provider, currently operating more than 600 auto body repair shops and service stations in 20 states, with plans to expand to more than 1000 locations in 37 states by the end of 2019. Through its predecessor in interest, Caliber Holdings has been using the CALIBER COLLISION CENTERS and CALIBER COLLISION names and marks (collectively, the "CALIBER COLLISION Marks") since 1991 when the business was first founded. Caliber Holdings owns fourteen U.S. federal trademark registrations and a published application that incorporate the terms "CALIBER COLLISION."

12. Caliber Holdings specializes in automobile collision repair services and offers a wide variety of automobile repair services which include diagnostic scanning, body reconstruction, glass repair, windshield replacements, dent repair, and painting. Caliber Holdings maintains a

website at https://calibercollision.com/, which provides information about Caliber Holdings, its services, and its locations.

13. Since the business was first founded in California, Caliber Holdings has continued expanding across the country and recently opened 15 repair centers under the CALIBER COLLISION Marks in New York state in the summer of 2018.

14. Through longstanding and continuous use, the CALIBER COLLISION Marks have become famous, and are widely recognized as a designation of source of the services offered by Caliber Holdings. Through its longstanding use and promotion of its services under the CALIBER COLLISION Marks, Caliber Holdings has also acquired significant common law rights.

15. Caliber Holdings owns numerous federal trademark registrations safeguarding its rights in the CALIBER COLLISION Marks.

16. Among many others, Caliber Holdings owns U.S. Trademark Reg. No. 1,770,871 for the mark CALIBER COLLISION CENTERS, which was registered on May 11, 1993, and covers "automotive body repair services" in class 37.

17. Pursuant to the Lanham Act, Caliber Holdings' registrations constitute prima facie evidence of: (a) the validity of the CALIBER COLLISION Marks and of the registration of those marks; (b) Caliber Holdings' ownership of the CALIBER COLLISION Marks; and (c) Caliber Holdings' exclusive right to use the CALIBER COLLISION Marks nationwide on or in connection with the products and services stated in the registrations, including the exclusive right to license the Mark on or in connection with the products and services stated in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, Caliber Holdings' registrations constitute constructive notice of Caliber Holdings' claim of ownership of the CALIBER COLLISION Marks. *See* 15 U.S.C. § 1072.

**Defendants' Activities**

18. On information and belief, Andrew Helsinger is the owner and chief executive officer of Caliber Collision, Inc., Caliber Collision Repairs, Inc, and Andy's High Caliber Auto Body, Inc. Collectively, Defendants operate an auto body repair shop located at 110 W. Hoffman Avenue, Lindenhurst, New York 11757.

19. In 2003, long after Caliber Holdings began using the CALIBER COLLISION Marks, and after Caliber Holdings had registered the CALIBER COLLISION Marks, Defendants began advertising, marketing and selling automotive body repair and enhancement services under the names "CALIBER COLLISION INC.," "CALIBER COLLISION REPAIRS," and "CALIBER COLLISION" (the "Infringing Marks") at Defendants' auto body repair shop located at 110 West Hoffman Avenue, Lindenhurst, New York 11757.

20. Defendants have prominently displayed the Infringing Marks on store signage, posters, and other advertising materials at Defendants' auto body repair shop.

21. Defendants registered and have been using the calibercollisionrepair.com domain name since at least as early as 2013 to promote their "CALIBER COLLISION" auto body shop. Defendants have also registered the entities Caliber Collision, Inc. and Caliber Collision Repairs, Inc with the New York Secretary of State as shown in **Exhibit A**.

22. Via the calibercollisionrepair.com domain name, Defendants have been using a website displaying the Infringing Marks without authorization from Caliber Holdings. A true and correct print-out from Defendants' calibercollisionrepair.com website from April 12, 2019 is attached hereto as **Exhibit B**. On or around May 2019, Defendants began redirecting the calibercollisionrepair.com domain name to the andyshighcaliberautobody.com domain name, which continues to display the Infringing Marks on the website and in photographs. A true and

correct print-out from Defendants' calibercollisionrepair.com website from May 29, 2019 is attached hereto as **Exhibit C**.

23. Defendants have also prominently displayed the Infringing Marks to promote Defendants' auto body repair services on social media pages, including on the @CaliberCollisionRepair Facebook profile and the @caliber_collision Instagram profile. True and correct print-outs of these social media accounts from April 12, 2017 are attached hereto as **Exhibit D**.

24. The repeated and unauthorized use of the Infringing Marks by Defendants in connection with Defendants' services is designed and intended to cause confusion among consumers as to the source and sponsorship of the services offered by Defendants with Caliber Holdings.

25. Defendants' conduct is likely to cause confusion among consumers as to the affiliation or connection with or sponsorship of Defendants' services by Caliber Holdings. Defendants' repeated use of the Infringing Marks evidences an intent to trade on the goodwill of Caliber Holdings by creating such confusion.

26. On information and belief, Defendants' use of the Infringing Marks in connection with offering auto body repair services has caused instances of actual confusion among customers and insurance providers, with customer vehicles being towed or sent to the wrong repair center.

27. Caliber Holdings has objected to Defendants' infringing activity on multiple occasions, beginning in 2013, when Caliber Holdings first learned of Defendants' activities and sent a demand letter informing Defendants of Caliber Holdings' trademark rights in the CALIBER COLLISION Marks. Caliber Holdings renewed its objections to Defendants' activities through at least 2015.

28. Caliber Holdings' federal trademark registrations confer the presumption of Caliber Holdings' exclusive right to use the CALIBER COLLISION Marks nationwide. Accordingly, in reliance on those rights, Caliber Holdings expanded into the state of New York in the summer of 2018. Recognizing the imminent likelihood of confusion created by Defendants' activities and Caliber Holdings' expansion into the area, Caliber Holdings then renewed its objections to Defendants' ongoing use of the Infringing Marks with a demand letter sent to Defendants on September 13, 2018.

29. In response, Defendant Andrew Helsinger, acting on behalf of himself and Defendants, initially communicated his agreement to changing the name of his business but failed to commit this agreement to writing, despite Caliber Holdings' repeated requests for written confirmation. Defendants then ignored Caliber Holdings' subsequent offers of a six-month and then a three-month phase-out period when Defendants requested time to transition to a new name.

30. Instead of agreeing to Caliber Holdings' proposed settlement terms, and without consulting Caliber Holdings, Defendants filed a trademark application at the U.S. Patent and Trademark Office for the mark ANDY'S HIGH CALIBER AUTO BODY, U.S. Application Serial No. 88188407, on November 9, 2018.

31. Caliber Holdings has since participated in numerous conversations and exchanges with Defendants regarding Defendants' agreement to cease all use of the Infringing Marks. Defendants have consistently represented they intend to cease all use of the Infringing Marks but have repeatedly failed to comply.

32. Defendants have furthermore asserted that they intend to keep the calibercollisionrepair.com domain name and website, the @CaliberCollisionRepair Facebook profile, and the @caliber_collision Instagram profile pages active indefinitely with the same

content reflecting the Infringing Marks. Defendants have also asserted they intend to continue using the calibercollisionrepair.com domain name for a period of at least 10 years.

33. Defendants have launched a new website and new social media pages under the business name, Andy's High Caliber Auto Body, Inc., but these pages still show numerous examples of the Infringing Marks, as shown in **Exhibit E.**

34. On information and belief, Defendants intend to continue their unauthorized use of the Infringing Marks.

35. Defendants were initially contacted by Plaintiff and informed of Plaintiff's federal trademark registrations and trademark rights in the CALIBER COLLISION Marks and have been warned several times since then of Plaintiff's rights. Defendants chose to continue operating under the Infringing Marks with full knowledge of Plaintiff's prior trademark registrations and are now willfully infringing Caliber Holdings' trademark rights in bad faith.

36. Defendants' infringing conduct in commerce is entirely without the permission, license or authority of Caliber Holdings. Such conduct is confusingly similar to activities of Caliber Holdings and its use of the federally-registered CALIBER COLLISION Marks.

37. On information and belief, Defendants began their infringement of the CALIBER COLLISION Marks with full knowledge of Caliber Holdings' prior registration and/or use of the CALIBER COLLISION Marks. On information and belief, Defendants undertook these actions with the intent of confusing consumers and visitors to Defendants' website, so that Defendants could trade on and receive the benefit of the goodwill built up at great labor and expense by Caliber Holdings for nearly 30 years.

38. Defendant Andrew Helsinger has actively directed and participated in the conduct complained of herein and has been a central figure in tortious conduct harming Plaintiff and

Plaintiff's CALIBER COLLISION Marks and is consequently individually liable in addition to Defendants Caliber Collision, Inc., Caliber Collision Repairs, Inc, and Andy's High Caliber Auto Body, Inc.

### Effects Of Defendants' Activities

39. Defendants' infringing conduct, described herein, is likely to cause confusion, to cause mistake, and/or to deceive consumers, at least as to some affiliation, connection or association of Defendants with Caliber Holdings, or as to the origin, sponsorship, or approval of the services of Defendants by Caliber Holdings.

40. Defendants' infringing conduct, described herein, falsely indicates to consumers that the Defendants' services are affiliated, connected or associated with Caliber Holdings, or are sponsored, endorsed, or approved by Caliber Holdings, or are in some manner related to Caliber Holdings.

41. Defendants' infringing conduct, described herein, enables Defendants to trade on and receive the benefit of goodwill in the CALIBER COLLISION Marks, which have been built up at great labor and expense over nearly 30 years. Use of these mark by Defendants in the manner described above also enables Defendants to gain acceptance for their services, not solely on their own merits, but on the reputation and goodwill of Caliber Holdings and the CALIBER COLLISION Marks.

42. Defendants' infringing conduct, described herein, prevents Caliber Holdings from controlling the nature and quality of services provided as a result of those uses and places the valuable reputation and goodwill of Caliber Holdings in the hands of Defendants, over whom Caliber Holdings has no control.

43. Defendants' conduct also impairs the distinctiveness of Caliber Holdings' famous CALIBER COLLISION Marks and harms the reputation of the CALIBER COLLISION Marks.

44. Defendants' conduct has caused irreparable injury to Caliber Holdings and, unless restrained by this Court, will continue to cause irreparable injury to Caliber Holdings. There is no adequate remedy at law for this injury.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

46. The acts of Defendants complained of herein constitute infringement of the federally registered CALIBER COLLISION Marks in violation of 15 U.S.C. § 1114(1).

47. The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

48. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT II: FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

49. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

50. The acts of Defendants complained of herein constitute trademark infringement of the CALIBER COLLISION Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT III: FEDERAL UNFAIR COMPETITION

52. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

53. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

54. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT IV: FEDERAL TRADEMARK DILUTION

55. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

56. The acts of Defendants complained of herein constitute trademark dilution of the CALIBER COLLISION Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT V: FEDERAL CYBERPIRACY

58. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

59. Defendants have registered, trafficked in, and/or used the calibercollisionrepair.com domain name.

60. The calibercollisionrepair.com domain name incorporates the CALIBER COLLISION Mark in its entirety and is confusingly similar to the CALIBER COLLISION Marks.

61. The CALIBER COLLISION Marks were distinctive at the time Defendants registered the calibercollisionrepair.com domain name.

62. Defendants' acts complained of herein evidence their bad faith intent to profit from the CALIBER COLLISION Marks.

63. The acts of Defendants complained of herein constitute cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

64. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT VI: FEDERAL FALSE ADVERTISING

65. Plaintiffs realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

66. The acts of Defendants complained of herein constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

67. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT VII: NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

68. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

69. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of New York.

70. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

### COUNT VIII: NEW YORK COMMON LAW UNFAIR COMPETITION, PALMING OFF, AND MISAPPROPRIATION

71. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

72. The acts of Defendants complained of herein constitute unfair competition, palming off, and misappropriation in violation of the common law of New York.

73. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT IX: NEW YORK DILUTION

74. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

75. The acts of Defendants complained of herein constitute trademark dilution of the CALIBER COLLISION Marks in violation of Article 24, § 360-L, of New York's General Business laws.

76. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## COUNT X: UNJUST ENRICHMENT

77. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-44 as though fully stated herein.

78. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiff's expense.

79. Plaintiff has been damaged by the acts of Defendants in an amount, currently unknown, to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants including the following relief, and any other relief to which Plaintiffs may show themselves entitled:

1. Defendants, their officers, agents, servants, employees, attorneys and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from:

(a) Engaging in the use of any mark, name, domain name, social media account name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CALIBER COLLISION Marks, including use of the term "CALIBER";

(b) Advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all internet web pages, advertisements, marketing or promotional materials, signage, banners, invoices, pamphlets, leaflets, flyers and the like comprising or containing the CALIBER COLLISION Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to the CALIBER COLLISION Mark, including but not limited to the term "CALIBER";

(c) Registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, social media account name, trade designation, or other indicia of origin or source comprising or containing the CALIBER COLLISION Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, social media account name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CALIBER COLLISION Marks, including but not limited to the term "CALIBER";

(d) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the CALIBER COLLISION Marks;

(e) Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

2. Consistent with paragraph (1) above, Defendants be ordered to remove from display any advertisements or marketing materials comprising or containing their infringing conduct or bearing or depicting the CALIBER COLLISION Marks, or any word or words confusingly similar thereto, including use of the term "CALIBER," including all internet web pages. Defendants also be ordered to submit to the Court and serve upon Plaintiff, within thirty (30) days after the entry and services of an injunction, a written accounting detailing gross sales of any products or services in connection with the CALIBER COLLISION Marks, or any word or words confusingly similar thereto, including use of the term "CALIBER".

3. Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all advertisements, marketing materials, internet web pages, and any other materials in their possession, custody or control comprising or containing or bearing or depicting the CALIBER COLLISION Marks, or any other mark, name, or designation that includes "CALIBER COLLISION" (or any variation thereof, whether alone or in combination with any other word(s) or element(s)) or "CALIBER".

4. Defendants be ordered to send letters via registered or certified mail to all customers who have purchased any products or services Defendants have advertised, marketed, or sold in connection with the CALIBER COLLISION Marks, notifying such purchasers that the products are not, and have never been, affiliated with, or sponsored, approved, or endorsed by Caliber Holdings, and to serve copies of such letters and confirmation of mailing on Plaintiff's counsel.

5. Defendants be ordered to transfer any domain names or social media account name containing "Caliber Collision" or any variation thereof in Defendants' possession, custody or control to Plaintiff, or that the Court order the forfeiture or cancellation of such domain names.

6. Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

7. Plaintiff recovers all damages they have sustained as a result of the activities of Defendants.

8. Pursuant to 15 U.S.C. § 1117, Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

9. An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid over to Caliber Holdings, increased as the Court finds to be just under the circumstances of this case.

10. Plaintiff be awarded statutory damages pursuant to Section 25 of the Lanham Act, 15 U.S.C. § 1117, which provides for awards up to $100,000 per infringing domain name;

11. Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

12. Plaintiff be awarded its costs and fees related to this action, including, but not limited to, reasonable attorneys' fees.

13. Plaintiff be awarded pre-judgment and post-judgment interest.

14. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

- 17 -

Dated: May 29, 2019                  Respectfully submitted,

By /s/ Paul Keller
Paul Keller
State Bar No. 05590900
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 408-5100
paul.keller@nortonrosefulbright.com
Attorney for Plaintiff CALIBER HOLDINGS CORPORATION